IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC JOHNSON,

        Plaintiff,                       CV F 03 5641 OWW WMW   P

    vs.                                  FINDINGS AND RECOMMENDATION

D. MORALES, et al.,

        Defendants.

        Plaintiff is a state prisoner proceeding pro se. Pending before the court is Plaintiff's April 27, 2006, amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at the California Correctional Institution at Tehachapi, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials employed by the Department of Corrections at Corcoran State Prison, subjected Plaintiff to excessive force while Plaintiff was housed at CSP Corcoran.

        On September 15, 2004, Defendants filed a motion to dismiss this action. Plaintiff subsequently sought leave to file an amended complaint, which was filed on April 27, 2006. On June 29, 2006, Defendants requested that the court rule on the earlier motion to dismiss.

        Defendants seek dismissal of this action pursuant to 28 U.S.C. § 1915(g), which prohibits a prisoner plaintiff from proceeding *in forma pauperis* if the prisoner has had three or more cases dismissed on the ground that they were frivolous, malicious, for failed to state a claim for relief.

1  In support of their motion, Defendants submit copies of court records indicating that Plaintiff
2  has, prior to the filing of this action, suffered three dismissals.
3      All three dismissals submitted by Defendants are for failure to exhaust available
4  administrative remedies prior to filing suit, pursuant to 42 U.S.C. § 1997e(a).  Defendants cite to
5  authority from several circuits holding that a failure to exhaust is a "strike" under § 1915(g).
6  Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998); Porter v. Fox, 99 F.3d 271, 274 (8th Cir. 1998);
7  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1213 (10th Cir. 2003).; Patton v. Jefferson
8  Correctional Center, 136 F.3d 458 (5th Cir. 1998).
9      Subsequent to Defendants' motion, the 9th Circuit Court of Appeals decided Andrews v.
10 King, 398 F.3d 1113 (9th Cir. 2005).  While the court in Andrews did not directly resolve the
11 issue of whether a dismissal for failure to exhaust counts as a strike, it did review the plain
12 meaning of frivolous, malicious or failure to state a claim.  The issue in Andrews was whether
13 the defendants, who brought a motion to dismiss, had the burden of proving that the strikes were
14 indeed within the meaning of § 1915(g).  The court noted that '[P]rior dismissals would only
15 qualify as strikes only if, after reviewing orders dismissing those actions and other relevant
16 information, the district court determined that they had been dismissed because they were
17 frivolous, malicious, or fails to state a claim." Id. at 1121.   Though the court specifically
18 declined to answer the question of whether a dismissal for exhaustion can be counted as a strike,
19 it did not accept as strikes habeas petitions and cases brought while Plaintiff was in the custody
20 of U.S. immigration authorities.   The court did impose upon the district court the obligation to
21 review the dismissal orders.
22     Here, Defendants submit as strikes the following dismissals for failure to exhaust:
23 Johnson v. Randolph; CV F 00 6013 AWI SMS P; Johnson v. Lamkin, CV F 00 6740 AWI DLB
24 P; Johnson v. Dr. Brian Yee, CV F 00 5877 AWI  HGB P.  In all three of those cases, the court
25 reviewed the complaint filed by Plaintiff, and determined that Plaintiff had alleged facts which,
26

if true, state a claim for relief.  Though each of the cases was ultimately dismissed for failure to exhaust, there was no finding that any of the cases were frivolous or malicious.  That Plaintiff failed to exhaust, of itself, does not constitute frivolousness or maliciousness.  The court therefore declines to count a dismissal for failure to exhaust, of itself, as a strike.

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 31, 2006**              /s/  **William M. Wunderlich**
mmkd34                       UNITED STATES MAGISTRATE JUDGE

3