1

2                    **IN THE UNITED STATES DISTRICT COURT**

3                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

4

5

6

7  **ERIC JOHNSON,**

8            **Plaintiff,**            **CV F 03 5641 OWW WMW**

9     **vs.**                              **FINDINGS AND RECOMMENDATIONS**
                                        **RE DEFENDANTS' MOTION TO**
10                       **DISMISS (DOC 46 )**

11

12  **D. MORALES, et al.,**

13            **Defendants.**

14

15            **Plaintiff, a state prisoner in the custody of the California Department of**

16  **Corrections, brings this civil rights action against defendant correctional officials for**

17  **alleged civil rights violations that occurred while Plaintiff was housed at CSP Corcoran.**

18            **In the order determining that the complaint stated a colorable claim for**

19  **relief, the Court found the following:**

20            Plaintiff alleges that while he was being escorted by defendants
             Morales and Key (while plaintiff was in mechanical restraints -
21           waistchain and handcuffs), he was "taken down."  While on the
             grounds, Key and Morales struck plaintiff with closed fists, and
22           pushed his face into the gravel.  Lawton and Miller observed this
             conduct, but failed to stop it or prevent it.    Liberally construed,
23           the complaint states a claim for relief.

24            **Defendants Morales, Key, Lawton and Miller bring this motion to dismiss**

25  **for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).**

26
                                        1

1   Defendants seek to dismiss Plaintiff's claims regarding the filing of false reports, deliberate

2   indifference to Plaintiff's serious medical needs and conspiracy.  Plaintiff has opposed the

3   motion.[1]

4           In considering a motion to dismiss, the court must accept as true the

5   allegations of the complaint in question, Hospital Bldg.  Co. v. Rex Hospital Trustees, 425

6   U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing

7   the motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S.

8   411, 421, reh'g denied, 396 U.S. 869 (1969).  Under the basic rule, a motion to dismiss for

9   failure to state a claim should not be granted unless "it appears beyond doubt that plaintiff

10  can prove no set of facts in support of the claim that would entitle him to relief."  See

11  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41,

12  45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n., 651 F.2d 1289, 1294

13  (9th Cir. 1981).

14          In a case where the plaintiff is pro se, the court has an obligation to construe

15  the pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc).

16  This rule applies with particular force to civil rights cases.  See King v. Atiyeh, 814 F.2d

17  565, 567 (9th Cir. 1987).

18          False Reports.  Plaintiff sets forth a generalized allegation that false reports

19  were filed.  Defendants correctly argue that a prison inmate has no constitutionally

20  guaranteed immunity from being falsely or wrongly accused of conduct which may result

21  in the deprivation of a protected liberty interest.  Freeman v. Rideout, 808 F.2d 949, 951

22  (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988).  Further, any allegations that would

23  invalidate any disciplinary conviction or imprisonment is not cognizable under 42 U.S.C. §

24

25  [1]Plaintiff has filed a document titled as an opposition to the motion to dismiss, as well as a
    motion to strike the motion to dismiss.  The Court will consider both pleadings as opposition to the
26  motion, as Plaintiff sets forth legal argument in opposition the motion in both documents.

1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.  512 U.S. at 487.

**In his opposition, Plaintiff refers to the allegations in the complaint, and reasserts those allegations.  Plaintiff makes no legal argument, and asserts no new facts which, if considered would cure the defects regarding this claim.   Plaintiff's claims regarding false reports should therefore be dismissed.**

### Conspiracy

Pursuant to 42 U.S.C. § 1985, conspiracies to interfere with civil rights are proscribed.  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1990); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988).  A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Karim-Panahi, 839 F.2d at 626.  Plaintiff must demonstrate that there was an agreement between the defendants to violate his constitutional rights.  See Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989); Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of a claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.

**Defendants argue that as to this claim, the complaint consists of vague, conclusory and general allegations of "aiding and abetting" and a "coverup."  Defendants argue that Plaintiff has not alleged facts that include the requisite allegations for conspiracy.   In his opposition, Plaintiff makes no mention of conspiracy.   In the April 27, 2006, amended complaint on which this action proceeds, Plaintiff fails to allege specific**

facts that satisfy the standard set out above.  This claim must therefore be dismissed.

### Deliberate Indifference

Defendants argue that the facts alleged do not rise to the level of deliberate indifference to Plaintiff's medical needs.  Defendants argue that Plaintiff's injuries consisted of minor scrapes and bruises that required minimal, if any, treatment.  Plaintiff's exhibits to his complaint indicate that Defendant Miller cleaned and applied disinfectant to the scrapes.  Defendants argue that scrapes and bruises do not constitute significant injury within the meaning of the Eighth Amendment.

In order to establish and Eighth Amendment violation for deliberate indifference, Plaintiff must allege facts indicating that Defendants were deliberately indifferent to his serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A serious medical need arises if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994)(citing McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)).

Regarding the response to his injuries, Plaintiff alleges that Defendant Miller "arrived on the scene during this attack and asked Plaintiff 'are you hurt anywhere?'" (Am. Compl. 5:25).   Plaintiff alleges that, after he was secured in his cell, "defendants Sgt. E. Lawton, and medical technical assistant D. Miller observed Plaintiff(s) badly bruised and bleeding body in the cell."  (Am. Compl. 8:5).  Plaintiff specifically alleges that "Defendant D. Miller medical technical assistant, failed to provide medical services and treatment to Plaintiff's multiple injuries.  Defendant D. Miller, medical technical assistant, prepared a false medical report indicating that treatment was provided noting Defendant Sgt. E. Lawton as a witness on this false 7219 medical report."  (Am. Compl. 8:9-17).

1  **Plaintiff alleges that 12 hours after the incident, he was treated by another individual and**

2  **"re-housed in the acute care hospital crisis unit wherein another full body exam of injuries**

3  **were conducted by Registered Nurse M. Trevino."**

4             **In his opposition, Plaintiff indicates that he has scar tissue as a result of the**

5  **injuries he received in 2002.  Plaintiff also disputes Defendants' assertion that his injuries**

6  **were treated.  Though Plaintiff does not indicate any final diagnosis, he does indicate that**

7  **he was housed in the medical facility.**

8             **On June 4, 2007, the U.S. Supreme Court decided <u>Erickson v. Pardus</u>, 127**

9  **S.Ct. 2197 551 U.S. ___ (2007).  The Court, in reviewing the pleading standard in Federal**

10 **Rule of Civil Procedure 8(a), held that** under the notice pleading standard, specific facts are

11 not necessary; the statement need only give the defendant fair notice of what the claim is and the

12 grounds upon which it rests.   **The Court, in ruling on a motion to dismiss a prisoner's civil**

13 **rights claim for deliberate indifference, held that the complaint could not be dismissed on**

14 **the ground that petitioner's allegations of harm were too conclusory to put the matter in**

15 **issue. <u>Id</u>.**

16            **Here, Plaintiff has sufficiently alleged that Defendants were deliberately**

17 **indifferent to his medical needs.  Plaintiff alleges that he was placed in a medical facility.**

18 **Defendants have been given fair notice of what the claim is and the ground on which it**

19 **rests.  The characterization of the significance of the injury is a matter best left to**

20 **summary judgment.**

21            **Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion to**

22 **dismiss be granted as to Plaintiff's claims of conspiracy and false reports and denied as to**

23 **Plaintiff's claim of deliberate indifference.**

24

25            These findings and recommendations are submitted to the United States District

26

1   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within

2   thirty days after being served with these findings and recommendations, any party may file

3   written objections with the court and serve a copy on all parties.  Such a document should be

4   captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

5   objections shall be served and filed within ten days after service of the objections.  The parties

6   are advised that failure to file objections within the specified time waives all objections to the

7   judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file

8   objections within the specified time may waive the right to appeal the District Court's order.

9   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 14, 2007**                 **/s/  William M. Wunderlich**
                                                UNITED STATES MAGISTRATE JUDGE

6